10-0056-cv
Pilot Enterprises, Inc. v. Brodosplit, Inc. et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of September, two thousand ten.

PRESENT:   REENA RAGGI,
                 GERARD E. LYNCH,
                    *Circuit Judges*,
                 JED S. RAKOFF,
                    *District Judge*.[*]

-----------------------------------------------------------------
PILOT ENTERPRISES, INC.,

          *Plaintiff-Appellant*,

       v.                                              No. 10-0056-cv

BRODOSPLIT INC., BRODOSPLIT PLIVIDBA
d.o.o., BRODOSPLIT SHIPPING LTD.,
BRODOGRADJEVNA INDUSTRIJA SPLIT d.d.,
BRODOSPLIT  BRODOGRADILISTE d.o.o.,

          *Defendants-Appellees*.
-----------------------------------------------------------------
APPEARING FOR APPELLANT:      GEORGE M. CHALOS, Chalos & Co., P.C.,
                                         Oyster Bay, New York.

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLEE:        GARTH S. WOLFSON, Mahoney & Keane, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Harold Baer, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the December 28, 2010 order of the district court is AFFIRMED.

Plaintiff Pilot Enterprises Inc. ("Pilot") appeals from the district court's vacatur of an order of attachment issued pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. We review the district court's decision for abuse of discretion, which we will identify if the "decision rests on an error of law or a clearly erroneous finding of fact." See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 439 (2d Cir. 2006). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

The parties agree that the attachment in this case restrained both (1) electronic funds transfers ("EFTs") in the hands of one or more intermediary banks, and (2) a letter of undertaking ("LOU") issued on behalf of BS Sun Shipping Monrovia ("BS Sun") to Citgo Petroleum Corp. ("Citgo") by BS Sun's protection and indemnity ("P&I") club in consideration for the Citgo not attempting to arrest the M/T Stinice, a vessel operated by Pilot and owned by BS Sun and its alleged alter-ego defendants Brodosplit Inc., Brodosplit Plividba d.o.o., Brodosplit Shipping Ltd., Brodogradjevna Industrija Split d.d., and

2

Brodosplit Brodogradiliste d.o.o. (collectively, "Brodosplit defendants"). The parties also agree that the district court's order vacating the attachment released the attachment of both the EFTs and the LOU.

Pilot does not challenge the district court's order insofar as it releases from restraint the Brodosplit defendants' EFTs. See Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd. ("Shipping Corp. of India"), 585 F.3d 58 (2d Cir. 2009). Rather, Pilot challenges the district court's order to the extent it releases the LOU. It argues that the district court should have allowed discovery and invited briefing "as to the proprietary and/or beneficial ownership of the rights conveyed in the LOU." Appellant's Br. at 18. We disagree.

The district court explained that it released the LOU from restraint because it was "'worthless as to Pilot.'" Endorsed Chalos Letter at 2, Pilot Enterprises Inc. v. Brodosplit Inc., et al., No. 07 Civ. 8520 (S.D.N.Y. Dec. 28, 2009). This conclusion finds support in the terms of the LOU, which was "restricted" to P&I club's satisfaction of any judgment rendered in Citgo's favor on its in rem claim against the M/T Stinice under bills of lading issued to Citgo. Pilot does not dispute that Citgo has filed no such claim and that the time for doing so has since passed. Under these circumstances, the district court acted well within its discretion in concluding that the LOU was worthless and properly released from restraint.

We have considered the parties' other arguments and find them to be without merit. Accordingly, the December 28, 2010 order of the district court is AFFIRMED.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, Clerk of Court